## NASHUA & LOWELL RAILROAD *v.* STIMPSON.

Where it distinctly appears that a trial has not been had, by reason of accident, mistake or misfortune, the court will generally grant a review without inquiring into the merits of the controversy between the parties, if satisfied that a matter of controversy actually exists, which the party claiming the review desires and intends to try, and would before have tried, but for the accident, mistake or misfortune shown.

In petitions for review or new trial, costs will ordinarily follow the event of the suit, as in other cases.

Where an injunction has been issued to prevent the completion of the levy of an execution against one charged as trustee upon default, the case will be retained after a new trial has been granted the trustee, for the purpose of controlling the injunction and of determining the ultimate question of costs.

PETITION FOR NEW TRIAL. The facts in the case sufficiently appear in the opinion of the court.

*A. W. Sawyer*, for the petitioners.

*Lull*, for the petitionee.

FOWLER, J. This petition is filed under the second section of the 192d chapter of the Revised Statutes, which authorizes the Superior Court to grant a review or new trial in any case " where it shall appear that justice has not been done, through any accident, mistake or misfortune." *Coburn* v. *Rogers*, 32 N. H. 372. It sets forth that at the November term, 1856, of the Court of Common Pleas for this county, judgment was recovered by the petitionee against the petitioners as trustees of one Whittle, when Whittle had no funds in their hands, and they had no knowledge or information as to the pendency of the suit; and alleges, that if they had possessed such knowledge or information, they should have appeared and defended against it. Considerable conflicting testimony, as to whether or not the writ was actually served upon the petitioners, and whether or not the petitionee had reason to believe that the petitioners had funds of his debtor in their hands, has been taken by the parties and laid before the court; but under the construction which has been given to the provision of the statute on which the proceedings in this case are founded, in *New-England Mutual Fire Insurance Co.* v. *Lisbon Manufacturing Co.*, 22 N. H. (2 Foster) 170, it is not necessary to determine those questions. It was there holden, that when it appears that a trial has not been had, by reason of accident, mistake or misfortune, the court will give the party an opportunity for trial, without inquiring into the

merits of the controversy ; that, in general, they will not inquire farther than is necessary in order to ascertain whether the party, by reason of some accident or misfortune, has been deprived of the opportunity of being heard. That decision must, of course, be understood to be founded on the supposition that an actual matter of controversy is shown probably to exist, which the party claiming the review is desirous and intends to litigate, and but for the accident, mistake or misfortune, would before have tried. Upon these points there is no controversy, and no conflict of testimony in the present case. The evidence on the part of the petitioners is clear and explicit, that they had no actual knowledge of the service of the writ upon them, if it were served. The depositions deny explicitly any indebtedness of the trustees to the principal debtor at the time of the service of the writ and of the judgment, and distinctly aver that the petitioners would have tried the question of their liability as trustees in the original action, but for the accident or mistake of not knowing, or understanding in any way, that the suit was pending against them. The prayer of the petition must therefore be granted.

A considerable portion of the testimony seems to have been taken with a view to the question of costs, either in this suit or those incurred upon the execution issued in the former writ. It appears that the execution was levied upon property of the petitioners, by the officer who served the original writ, and an expense of some four dollars or more, incurred thereon prior to the filing of the present petition, and the issuing of an injunction against farther proceedings. It also appears that this officer was expressly informed at the time of the alleged service of the writ upon the petitioners, that there were no funds in their hands, and that thereupon the personal property of the principal defendant was attached by him to an amount probably sufficient to secure the payment of the judgment afterwards recovered. It is not shown that the officer communicated the information he had in relation to the petitioners' non-liability to the petitionee or his counsel, but it could hardly have been otherwise, as the same officer both served the writ and levied the execution.

Under these circumstances we see no occasion as yet to interfere with the general provision of the statute, that costs follow the event of every suit or proceeding. If the petitionee, or his counsel, chose to take judgment by default, and levy upon the property of the petitioners, rather than upon that of the principal defendant, he must be held to have done so at his own risk.

The injunction must be continued, to abide the result of the new trial in the Common Pleas, and this suit remain here until after the termination of that trial, both for the purpose of controlling the injunction and of determining ultimately the question of costs. Rev. Stat., ch. 197, secs. 1, 2 and 3. If it should turn out that the petitioners were, after all, chargeable as trustees, there might be good reason why they should be charged with the costs of the proceedings here, notwithstanding they prevail in their petition.

*New trial granted.*